UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ali MROUE,<br>Marwa EL RAHI,<br>    Plaintiffs,<br><br>v.<br><br>Michael R. POMPEO, Secretary,<br>Department of State;<br>Mora NAMDAR, Acting Assistant<br>Secretary of State;<br>Jeffrey A. ROSEN, Acting Attorney<br>General. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. _____<br><br>Agency Case BRT2014852013 |

PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS,
AND FOR DECLARATORY JUDGMENT

COMES NOW, ALI MROUE and MARWA EL RAHI, Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on a Petition for Alien Relative (Form I-130) and the attendant application for immigrant visa, hereinafter referred to as "petition," properly filed by the Plaintiff on behalf of his mother, Marwa El Rahi. Simply put,

1

the Plaintiff's petition was approved by U.S. Citizenship and Immigration Service (USCIS) in 2014. It was subsequently forwarded to the U.S. Department of State, specifically the U.S. Consulate in Beirut, Lebanon.  The Plaintiff's 64-year-old mother, Marwa El Rahi, was interviewed at the that Consulate on or about June 6, 2017, and was denied due to unspecified national security grounds. The denial of the immigrant visa by the Defendants was arbitrary and capricious and not in accordance with law.

## PARTIES

2. Plaintiff Ali MROUE is a United States citizen.  He is the Petitioning son of Marwa El Rahi, and he filed an Immigrant Visa petition on her behalf on December 13, 2016.

3. Plaintiff Marwa EL RAHI, is the 64 year old mother of Plaintiff Ali Mroue, and an applicant for an immigrant visa on the basis of that family relationship.

4. Defendant Michael R. POMPEO, is the Secretary of the Department of State (DOS).  His jurisdiction includes the Plaintiff's residence, and he is the head of the agency that has denied Plaintiff's petition.  He is sued in his official capacity only.

5. Defendant Mora NAMDAR, is the Assistant Secretary of State for Consular Affairs, Department of State (DOS). Her jurisdiction includes the Plaintiff's U.S. residence and U.S. Consulates abroad. She is sued in her official capacity only.

6. Defendant Jeffrey A. ROSEN, is the Acting Attorney General of the United States, and is authorized by law to administer and enforce the

immigration laws pursuant to 8 USC section 1103(g). He is sued in his official capacity only.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 U.S.C. section 1331 (federal question) and 1361 (mandamus), 5 U.S.C. section 701 et. Seq. (the Administrative Procedures Act), 28 U.S.C. 2201 et. Seq. (Declaratory Judgment Act). This Honorable Court enjoys plenary power to issue all necessary writs. 28 U.S.C. § 1651. The issue presented is one of federal law and/or regulation. Relief is requested pursuant to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 USC section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred, and where the Plaintiff resides, and no real property is involved.

## EXHAUSTION OF REMEDIES

9. The Plaintiff has exhausted all administrative remedies. The petition was properly lodged with the Defendants and the resulting interview and request for documents was completed by June 6, 2017. The Plaintiff, personally and through counsel, has made numerous inquiries with Defendants as to the circumstances underlying the denial of the petition to no avail. Defendants have not established any reasonable alternative means by which the Plaintiff could resolve this matter short of litigation.

## STATEMENT OF FACTS

10. On December 16, 2013, the Plaintiff, Ali Mroue, filed a petition for alien relative (Form I-130) with U.S. Citizenship and Immigration Services (USCIS), for his mother, Marwa El Rahi. Said petition was approved by USCIS on October 30, 2014, and sent to the U.S. Department of State for further processing.
11. As part of the application process for an immigrant visa, Plaintiff El Rahi completed a biographical questionnaire and obtained a police clearance letter, among other documents which were submitted to the Defendants.
12. Plaintiff El Rahi attended an interview at the U.S. Consulate in Beirut, Lebanon, on July 27, 2015. During the interview she was not confronted with any accusation of a link to any terrorist or criminal organization, nor was she asked any questions relating those issues.

      She was not issued an immigrant visa at that time and was advised that her case was being held for administrative processing.

13. On June 6, 2017, following various case status inquiries over a two year period, Plaintiff El Rahi received a "refusal worksheet" from the U.S. Consulate in Beirut stating simply that her immigrant visa had been refused pursuant to "Section 212(a)(3)(B)", however her case status online continued to be categorized as pending while undergoing administrative processing.

14. Prior counsel for the Plaintiffs contacted the U.S. Consulate in Beirut by email and was told that the immigrant visa was refused pursuant to section 212(a)(3)(B) of the Immigration and Nationality Act (the Act), which refers to a terrorism-related grounds of inadmissibility. No other explanation or information was provided, nor were the Plaintiffs provided any opportunity to submit rebuttal evidence.

15. Plaintiff Marwa El Rahi is a 64-year-old woman who has spent her entire adult life as a mother and homemaker. Her husband is a well-respected Doctor of Pharmacology and a professor at the Lebanese-American University School of Pharmacy in Lebanon. She and her husband lived in the United States for several years while her husband was an undergraduate and Ph.D. student at the University of Houston and during his post-doctoral training at the world-renowned MD Anderson Cancer Center in Houston, Texas. His work has no links whatsoever to criminal or terrorist groups.

## **CAUSE OF ACTION**

ACTION ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, OR OTHERWISE NOT IN ACCORDANCE WITH LAW, IN VIOLATION OF
THE ADMINISTRATIVE PROCEDURES ACT

16. Mandamus is an "extraordinary remedy" and requires a plaintiff "to satisfy three jurisdictional prerequisites: (1) the plaintiff has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and, (3) no other adequate remedy is available." *Mustafa, et al. v. Pasquerell, et al.*, 2006 U.S. Dist. LEXIS 8047 at 7, citing *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) and *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985).

17. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 USC § 555. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 USC § 706(1). The Court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 USC § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 USC § 706(2)(C); or "without observance of procedure required by law," 5 USC § 706(2)(D). "Agency action" includes, in relevant part, "an agency

rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 USC § 551(13).

18. The duty owed by Defendants to the Plaintiffs is statutory. 8 USC § 1154(b); INA § 204(b). Defendants had a "duty" to determine whether a visa should be granted, based on the approved petition. The statute in question states in relevant part, "[a]fter an investigation of the facts in each case…the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) [1151(b)] of this title…, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular office concerned to grant the preference status." 8 USC § 1154(b); INA 204(b).

19. In failing to afford Plaintiff El Rahi any explanation of the charges or information prejudicial to her, and in failing to afford her the opportunity to submit any explanation or exculpatory evidence, Defendants have deprived Plaintiffs of their due process rights and have shown that their actions were arbitrary and capricious, an abuse of discretion and not in accordance with law. See *American Academy of Religion v. Napolitano*, 573 F.3d 115, 118 (2nd Cir. 2009)("[W]e conclude that the record does not establish that the consular officer who denied the visa confronted Ramadan with the allegation that he had knowingly rendered material support to a terrorist organization, thereby precluding an adequate opportunity for Ramadan to attempt to satisfy the provision that exempts a visa applicant from exclusion under the "material support" subsection if he "can demonstrate by clear and convincing evidence that [he] did not know, and should not

reasonably have known, that the organization was a terrorist organization.").

20. Defendants POMPEO and RISCH have made no showing that they have provided Plaintiffs with any specific accusation of inadmissibility or provided Plaintiffs an opportunity to rebut those allegations with exculpatory evidence, thus the decision of the Defendants to refuse the immigrant visa at issue here was arbitrary, capricious and not in accordance with law.

21. Accordingly, the Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## REQUEST FOR DECLARATORY RELIEF

22. For all the reasons outlined, *supra,* which are incorporated and re-urged herein as if fully set forth verbatim, the Plaintiff respectfully request declaratory relief in the form of the entry of a decree which specifies the rights and liabilities of the parties to the instant litigation. To wit, the Plaintiff respectfully requests a declaration that the Defendants have acted in an arbitrary and capricious manner not in accordance with law and to the detriment of the Plaintiffs. The Plaintiff also request that this Honorable Court retain continuing jurisdiction over this civil action and that, after reasonable notice of hearing and hearing had, it enter any further declaratory, mandatory, or other injunctive order that is necessary to enforce any declaratory judgment. *See* 28 U.S.C. § 2412(d)(1)(A).

## REQUEST FOR ATTORNEY FEES AND COSTS

23. The Plaintiff is entitled to recover reasonable attorney's fees and costs of court, both of which she respectfully requests under the Equal Access to Justice Act. 28 U.S.C. § 2412. The position of the Defendants herein is not substantially justified, and no circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A).

## PRAYER

24. WHEREFORE, PREMISES CONSIDERED, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:
    (a) requiring Defendants to rescind their immigrant visa refusal and provide Plaintiffs an opportunity to rebut any credible accusation of inadmissibility;
    (b) issue a declaratory judgment stating that Defendants' of the Plaintiffs' petition and attendant application is arbitrary and capricious, clearly contrary to law, and an abuse of discretion, and that Plaintiffs are entitled to rebut any accusation of inadmissibilty, as per statute and regulation;
    (c) awarding Plaintiffs reasonable attorney's fees; and
    (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop South, Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax

## **CERTIFICATE OF SERVICE**

      I, Lawrence E. Rushton, hereby certify that a true and correct copy of the foregoing "Plaintiff's Original Complaint for Writ in the Nature of Mandamus", including all attachments, will be served on Defendants via US Postal Service Certified mail addressed as follows:

Jeffrey A. Rosen
Acting Attorney General
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC  20530-0001

Michael R. Pompeo
Secretary of State
The Executive Office
Office of the Legal Advisor
Room 5519
US Department of State
2201 C St., NW
Washington, DC 20520-6310

Mora Namdar
Acting Assistant Secretary of State
The Executive Office
Office of the Legal Advisor
Room 5519
US Department of State
2201 C St., NW
Washington, DC 20520-6310

Ryan K. Patrick
US Attorney
1000 Louisiana, Ste. 2300
Houston, TX  77002


On this the 19th day of January 2021.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop S., Ste. 150
Bellaire, Texas 77401
(713)838-8500
(713)838-9826 Fax